IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MARION SIMS, | ) Case No. C 14-4892 PSG (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL WITH** |
| v. | ) **LEAVE TO AMEND** |
| B. HENDRICK, et al., | ) |
| Defendants. | ) |

James Marion Sims, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint and gives Sims leave to amend to specify his claims for relief.

**I.  DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its

---

[1]  Sims consented to magistrate judge jurisdiction on November 4, 2014.  *See* Docket No. 4.

[2]  *See* 28 U.S.C. § 1915A(a).

Case No. C 14-4892 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.    Sims' Claim

Sims alleges that he was issued a Rules Violation Report ("RVR") at Salinas Valley State Prison ("SVSP") for battery on an inmate resulting in serious bodily injury.  After appealing the charge, the third level of appeal response issued a modification order because the evidence did not support a finding of serious bodily injury.  Sims claims that SVSP refused to acknowledge the modification order, and instead opted to write up another RVR.  Sims further alleges that SVSP officials are purposefully charging him with an RVR intended for a different inmate named Simes, and that SVSP officials often confuse the two inmates.  Despite complaining to SVSP officials about the mix-up, Sims claims that SVSP officials refuse to correct their mistake.

Sims appears to raise claims of false charges and retaliation.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.[6]  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

Case No. C 14-4892 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

fabricated charge fail to state a claim under Section 1983.[7]  Here, Sims does not allege that he was not afforded procedural due process.  Sims' claim of false charges must therefore be DISMISSED for failure to state a claim.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[8]  While Sims alleges that defendants took an adverse action against him by filing false charges and covering up their mistake, Sims has not adequately alleged that such conduct was "because of" his protect conduct, or that the action did not reasonable advance a legitimate correctional goal.

Moreover, while Sims names as defendants Chief Deputy Warden B. Hedrick, Facility Captain V. Solis, CCII R. Burgh, Warden W. Muniz, Facility Captain N. Walker, CCII J. Martinez, and CCII C. Barela, Sims does not sufficiently link the individual defendants to any action or inaction that would demonstrate that a defendant is liable for any wrongdoing.  To remedy this deficiency, Sims must name individual state actors and demonstrate how each individual retaliated against him.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."[9]  Sims nevertheless is entitled to an opportunity to amend his complaint to allege these necessary specifics.

## II. CONCLUSION

The court orders as follows:

1. The complaint is DISMISSED with leave to amend.  Sims shall file an AMENDED COMPLAINT within thirty days from the date this order is filed.  The amended

---

[7] *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

[8] *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

[9] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Case No. C 14-4892 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

1    complaint must include the caption and civil case number used in this order (C 14-4892 PSG
2    (PR)) and the words AMENDED COMPLAINT on the first page.  Sims may not incorporate
3    material from the prior complaint by reference.  Failure to file an amended complaint within
4    thirty days and in accordance with this order will result in a finding that further leave to amend
5    would be futile, and this action will be dismissed.

6         2.    Sims is advised that an amended complaint supersedes the original complaint.
7    "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
8    in the amended complaint."[10]  Defendants not named in an amended complaint are no longer
9    defendants.[11]

10        3.    It is Sims' responsibility to prosecute this case.  He must keep the court informed
11   of any change of address by filing a separate paper with the Clerk headed "Notice of Change of
12   Address," and must comply with the court's orders in a timely fashion.  Failure to do so may
13   result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
14   Procedure 41(b).

15        IT IS SO ORDERED.
16   DATED: 3/16/2015
                                                    PAUL S. GREWAL
17                                                  United States Magistrate Judge

---

[10] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[11] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Case No. C 14-4892 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
4