1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAMES MARION SIMS, | ) | Case No. C 14-4892 PSG (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF SERVICE AND** |
| | ) | **DIRECTING DEFENDANTS TO** |
| v. | ) | **FILE DISPOSITIVE MOTION** |
| | ) | **OR NOTICE THAT SUCH** |
| B. HENDRICK, et al., | ) | **MOTION IS UNWARRANTED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

James Marion Sims, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the court serves the amended complaint on the following defendants: Chief Deputy Warden B. Hedrick, Facility Captain R. Parin, Facility Captain V. Solis, and Counselor J. Martinez.

## I.  DISCUSSION

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1]  In its

_____

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 14-4892 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[2]  *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.    Sims' Claim

Sims alleges that on June 27, 2013, Chief Deputy Warden B. Hedrick and Captain V. Solis issued a false Rules Violation Report ("RVR") against Sims for battery on an inmate resulting in serious bodily injury.  On September 12, 2013, Chief Deputy Warden Hedrick and Captain Solis received information exonerating Sims from the charge.  Chief Deputy Warden Hedrick then informed Sims that "everything" Sims was "going through [was] a result of [Sims] filing a complaint against [Chief Deputy Warden Hedrick's] officer, Correctional Officer J. Collier," and that "next time, [Sims will] think twice before reporting a[n] officer."  Sims was able to obtain a modification order of the RVR, but Captain V. Solis and Captain R. Parin refused to acknowledge the modification order.  Counselor J. Martinez reviewed Sims' modification order and refused to correct the problem; instead, Counselor J. Martinez asked the Classification Committee to sentence Sims to a 24-month term in the Secured Housing Unit.

To the extent Sims alleges that the false charges violated his right to due process, the court previously dismissed that claim for failure to state a claim because a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 14-4892 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

may result in the deprivation of a protected liberty interest.[5]

However, "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[6]  Liberally construed, Sims alleges that defendants took adverse actions against him by filing false charges, refusing to acknowledge the modification order, and sentencing him to a Secured Housing Unit term because Sims filed a complaint against an officer.  The court concludes that Sims has stated a cognizable claim of retaliation against defendants.

## II.  CONCLUSION

The court orders as follows:

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (Docket No. 9), a Magistrate Judge consent form, and a copy of this order to **Chief Deputy Warden B. Hedrick, Facility Captain R. Parin, Facility Captain V. Solis**, **and Counselor J. Martinez** at **Salinas Valley State Prison**.

The Clerk also shall mail a courtesy copy of the amended complaint and a copy of this order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of this order to Sims.

2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of Sims, to waive service of the summons, fail to do so, they will be required to bear the

---

[5]  *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

[6]  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Case No. C 14-4892 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.  Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3.     No later than sixty (60) days from the date the waiver is sent, defendants shall file one comprehensive motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.  At that time, defendants shall also submit the Magistrate Judge's consent form.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Fed. R. Civ. P. 56.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.

4.     Sims' opposition to the dispositive motion shall be filed with the court and served on defendants no later than twenty-eight (28) days from the date defendants' motion is filed. Sims is advised to read Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5.     Defendants shall file a reply brief no later than fourteen (14) days after Sims' opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

Case No. C 14-4892 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED
4

1    6.    All communications by Sims with the court must be served on defendants or

2    defendants' counsel, by mailing a true copy of the document to defendants or defendants'

3    counsel.

4    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

5    No further court order is required before the parties may conduct discovery.

6    8.    It is Sims' responsibility to prosecute this case.  Sims must keep the court and all

7    parties informed of any change of address and must comply with the court's orders in a timely

8    fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

9    pursuant to Federal Rule of Civil Procedure 41(b).

10    IT IS SO ORDERED.

11    DATED:  7/1/2015

12    PAUL S. GREWAL
      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28