1
2
3
4
5
6
7
8
9
10
11

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAMES MARION SIMS, | ) | Case No. C 14-4892 PSG (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **DEFENDANTS' MOTION FOR** |
| v. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| B. HEDRICK, et al., | ) | **(Re: Docket No. 30)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

James Marion Sims, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.  Finding that the amended complaint, liberally construed, stated a cognizable claim that Defendants at Salinas Valley State Prison retaliated against Sims in violation of the First Amendment, the court ordered service upon Defendants. Defendants have moved for summary judgment for failure to exhaust.  Sims has filed an opposition, and Defendants have filed a reply.  In response, Sims has filed an unauthorized sur-reply.  For the reasons stated below, the motion for summary judgment is GRANTED.

**I.**

At the time of the underlying events, Sims was an inmate at SVSP.  On June 18, 2013, Sims was placed into Administrative Segregation, and referred to the Institutional Classification Committee for appropriate housing and placement after he was accused of battery on another

inmate and issued a Rules Violation Report.[1]  On June 27, 2013, the Institutional Classification Committee elected to retain Sims in Administrative Segregation for 90 days.[2]

According to the Rules Violation Report, on June 18, 2013, Correctional Officer R. Rakitin observed Sims and Inmate Pratt hitting Inmate Robinson's upper torso and facial area with closed fists.[3]  Rakitin heard Officer J. Ramsey order the inmates to "get down" several times, and heard a 40mm weapon fired.[4]  Rakitin saw Robinson crouched over in a fetal position, while Pratt and Sims continued to strike him.[5]  Rakitin also ordered the inmates to stop fighting, and to get down, but neither Pratt nor Sims complied.[6]  Rakitin used his pepper spray to no avail, and then Officer P. Guzman also ordered the inmates to stop fighting, and also released his pepper spray.[7]  Finally, the inmates complied, ceased fighting, and assumed a prone position.[8]  The hearing officer found Sims guilty of the upgraded charge of battery on an inmate with serious bodily injury.[9]

On March 13, 2014, after Sims had filed administrative appeals challenging the rules violation, at the third level of review, it was determined that the hearing officer failed to sufficiently articulate how Robertson's injuries met the standard of "serious bodily injury."[10]  Sims' appeal was partially granted, and the Rules Violation Report was ordered to be re-issued

---

[1]  *See* Docket No. 33-3 (Van Loh Decl., Ex. C).

[2]  *See* Docket No. 33-4 (Van Loh Decl., Ex. D) at 2.

[3]  *See* Docket No. 33-2 (Van Loh Decl., Ex. B) at 2.

[4]  *See id.*

[5]  *See id.*

[6]  *See id.*

[7]  *See id.*

[8]  *See id.*

[9]  *See id.* at 3.

[10]  *See* Docket No. 31-2 (Voong Decl., Ex. B) at 9-10.

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1   and re-heard.[11]

2       On September 12, 2013, Sims again appeared before the Institutional Classification

3   Committee for his program review.[12]  According to Sims, Warden B. Hedricks and Captain Solis,

4   who were both on the Institutional Classification Committee, received information "exonerating"

5   Sims of the Rules Violation Report, but they covered up the truth.[13]  Sims states that Hedrick

6   informed him that "everything [Sims is] going through is a result of filing a complaint against []

7   Correctional Officer J. Collier" and "next time[, Sims will] think twice before reporting a[n]

8   officer."[14]  The Institutional Classification Committee imposed upon Sims an aggravated 24-

9   months in the Security Housing Unit.[15]

10      In April 2014, Sims' Rules Violation Report was reheard, and Sims was again found

11  guilty of battery on an inmate with serious bodily injury.[16]  On May 29, 2014, the Institutional

12  Classification Committee imposed a continued term in the Security Housing Unit.[17]

13      In the underlying amended federal complaint, Sims alleges that Defendants retaliated

14  against him by issuing a false Rules Violation Report against him, ignoring a report exonerating

15  Sims of the charge, refusing to acknowledge a modification order of the Rules Violation Report,

16  and asking the Institutional Classification Committee to send him to the Security Housing Unit.

17  Sims claims that Defendants did these things in retaliation for Sims having previously filed a

18  staff complaint against another officer.  He requests monetary damages.

19

20

21  _____

22  [11]  *See id.*

23  [12]  *See* Docket No. 33-6 (Van Loh Decl., Ex. F).

24  [13]  *See* Docket No. 9 (Am. Compl.) at 3-4.

25  [14]  *See id.* at 4.

26  [15]  *See* Docket No. 33-6 (Van Loh Decl., Ex. F).

27  [16]  *See* Docket No. 33-7 (Van Loh Decl., Ex. G).

28  [17]  *See* Docket No. 33-8 (Van Loh Decl., Ex. H).

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## II.

Failure to exhaust under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), is "an affirmative defense the defendant must plead and prove."[18]  In general, defendants must produce evidence proving failure to exhaust in a motion for summary judgment.[19]  Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Material facts are those that may affect the outcome of the case.[20]  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[21]  All evidence must be viewed in the light most favorable to the non-moving party.  The district court may not resolve disputed issues of material fact by crediting one party's version of events and ignoring another.[22]  Initially, the moving party bears the burden to show that no genuine issue of material fact exists.[23]  If this burden is met, the burden shifts to the non-moving party.[24]

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[25]  The exhaustion requirement of the PLRA is intended to serve a number of purposes, including providing an opportunity for corrections officials to address complaints internally, deterring

---

[18]  *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007).

[19]  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

[20]  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.").

[21]  *See id.*

[22]  *See Wall v. County of Orange*, 364 F.3d 1107, 1111 (9th Cir. 2004).

[23]  *See Celotex Corp. v. Caltrett*, 477 U.S. 317, 323-24 (1986).

[24]  *See* Fed. R. Civ. P. 56(e).

[25]  42 U.S.C. § 1997e(a).

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

frivolous lawsuits, and creating an administrative record allowing courts to evaluate the relative merits of claims.[26] "The primary purpose of a grievance," however, "is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."[27] An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.[28]

In order to satisfy the administrative remedies exhaustion requirement under Section 1997e(a), an inmate at the California Department of Corrections and Rehabilitation must submit a complaint on a CDCR Form 602 and proceed through the first, second, and third levels of appeal.[29] The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."[30] The PLRA exhaustion requirement requires proper exhaustion.[31] "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."[32]

Defendants have the burden to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy.[33] Once the defendants

---

[26] *See Porter v. Nussle*, 534 U.S. 516, 525 (2002).

[27] *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

[28] *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

[29] *See* Cal. Code Regs. tit. 15, § 3084.7; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

[30] *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

[31] *See id.*

[32] *Id.* at 90-91 (footnote omitted).

[33] *See Albino*, 747 F.3d at 1172 and 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy that prisoner plaintiff failed to exhaust).

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1 have carried that burden, the prisoner has the burden of production.[34]  That is, the burden shifts

2 to the prisoner to come forward with evidence showing that there is something in his particular

3 case that made the existing and generally available administrative remedies effectively

4 unavailable to him.[35]  But, the ultimate burden of proof remains with the defendants.[36]

5 **III.**

6    Defendants provide evidence that Sims submitted four administrative appeals related to

7 the facts alleged in his amended complaint: (1) SVSP-L-13-04717, (2) SVSP-L-14-00604, (3)

8 SVSP-L-14-01986, and (4) SVSP-L-14-03422.  Sims does not dispute that he has not filed any

9 other administrative appeals that are related to the facts alleged.  The court has reviewed these

10 appeals, and concludes that none of these administrative appeals exhausted Sims' federal

11 retaliation claim.

12    First, in SVSP-L-13-04717, Sims complained that he was innocent of the charge of

13 battery on Robinson.[37]  Sims appealed this claim through the first, second, and third levels of

14 review.  At the third level of review, the appeal was partially granted, and the reviewer found

15 that the evidence did not support the charge of battery on an inmate with serious bodily injury

16 because there was no statement about how Robinson sustained injuries consistent with serious

17 bodily injury.[38]  It was ordered that the rules violation report be reissued and reheard.[39]

18    Nowhere in SVSP-L-13-04717 does Sims allege that any prison official falsely charged

19 Sims with battery, or did anything in retaliation against Sims for filing a staff complaint against

20

21

22

23 [34] *See id.* at 1172.

24 [35] *See id.*

25 [36] *See id.*

26 [37] *See* Docket No. 31-2 (Voong Decl., Ex. B) at 2, 4.

27 [38] *See id.* at 9.

28 [39] *See id.*

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

another prison official.[40]  "'[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'"[41]  The grievance need not include legal terminology or legal theories unless they are needed to provide notice of the harm being grieved.[42]  Nor must a grievance include every fact necessary to prove each element of an eventual legal claim.[43]  But, the allegations in SVSP-L-13-04717 did not include facts sufficient to alert prison officials to Sims' claim that he was being falsely charged with a rules violation because prison officials were retaliating against him.  Because Sims' appeal in SVSP-L-13-04717 did not submit for review the question of whether Sims had been subjected to retaliation, the appeal did not "allow prison officials to take appropriate responsive measures."[44]  Consequently, SVSP-L-13-04717 did not exhaust Sims' underlying federal claim.

Second, in SVSP-L-14-00604, Sims argued that the Institutional Classification Committee falsely accused him of have a prior rules violation for threatening an inmate, and did so in retaliation against him for filing a complaint against another officer.[45]  At the first level of review, Sims' appeal was partially granted to correct Sims' history.  It was determined that Sims' prior rules violation was not for threatening an inmate, but for threatening a peace officer.[46]  At the second level of review, Sims' appeal was partially granted for the same reason,

---

[40] *See generally* Docket No. 31-2 (Voong Decl. Ex. B).

[41] *Griffin*, 557 F.3d at 1120 (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

[42] *See id.*

[43] *See id.*

[44] *Id.* (finding a failure to exhaust where grievance complaining of upper bunk assignment did not allege, as the complaint had, that nurse had ordered lower bunk but officials disregarded that order) (citation and internal quotation omitted); *see, e.g.*, *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (grievance that complained of visitation restrictions, and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault).

[45] *See* Docket No. 32-1 (Medina Decl. Ex. A) at 2-3.

[46] *See id.* at 7.

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  but denied as to the retaliation allegation.[47]  The second level reviewer also acknowledged and

2  denied Sims' claim that he was being unjustly punished.[48]  On March 26, 2014, Sims submitted

3  an appeal to the third level of review but it was rejected and returned because it did not have the

4  necessary supporting documents attached.[49]  Plaintiff never re-submitted the appeal.[50]

5        Defendants have presented evidence that the third level of appeal was an available

6  administrative remedy that Sims did not exhaust.  In response, Sims refutes Defendants'

7  assertion that no decision was ever made at the third level of review.[51]  However, Sims attaches a

8  copy of the third level of review's rejection letter in SVSP-L-14-00604, in which it explicitly

9  informs Sims that his appeal was rejected because it was missing necessary supporting

10  documents.[52]  The letter further informed Sims that he could resubmit the appeal within the

11  proper time frames, as specified in the California Code of Regulations.[53]  There is no evidence

12  that Sims resubmitted his appeal.  "Proper exhaustion demands compliance with . . . deadlines

13  and other critical procedural rules."[54]  Because Sims failed to resubmit his rejected appeal at the

14  third level of review, SVSP-L-14-00604 could not have exhausted his underlying retaliation

15  claim.

16        Third, in SVSP-L-14-01986, Sims argued that his rules violation for battery on an inmate

17  _____

18  [47]  *See id.* at 9.

19  [48]  *See id.*

20  [49]  *See* Docket No. 31 (Voong Decl.) ¶ 9; Docket No. 31-1 (Voong Decl., Ex. A).  The court
21  notes that Sims points out that on his copy of the CDCR 602 Form, it shows a date stamp of
   April 26, 2014 as the date upon which the appeal was rejected at the third level of review.  *See*
22  Docket No. 36-2 (Pl. Opp., Ex. 4) at 16.  However, someone had also checked the box next to
23  "granted in part."  *See id.*  The parties disagree on how the "granted in part" box got checked.

24  [50]  *See id.*

25  [51]  *See* Docket No. 39 at 2.

26  [52]  *See* Docket No. 39-1 at 1.

27  [53]  *See id.*

28  [54]  *Ngo*, 548 U.S. at 90-91.

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

with serious bodily injury should be dismissed or dropped to a lesser charge, on the grounds that Sims was not allowed to present evidence, and the hearing officer had predetermined Sims' guilt.[55] At the second level of review, this appeal was partially granted, to reduce the days of lost privileges.[56] Sims pursued SVSP-L-14-01986 to the third level of review.[57] However, on September 9, 2014, the appeal was rejected and returned because Sims did not attach the necessary supporting documents.[58] Because Sims' appeal in SVSP-L-14-01986 did not submit for review the question of whether Sims had been subjected to retaliation, and Sims did not comply with the agency's procedures to resubmit the appeal, SVSP-L-14-01986 did not serve to properly exhaust Sims' federal retaliation claim.[59]

Finally, in SVSP-L-14-03422, Sims argued that on March 13, 2014, it was ordered that his Rules Violation Report be reissued and reheard.[60] Sims complained that prison officials were violating his procedural due process safeguards with respect to his housing and classification, and he was being falsely imprisoned.[61] Sims requested a transfer to Corcoran State Prison or Lancaster State Prison.[62] At the first and second levels of review, Sims' appeal was denied.[63] Sims submitted SVSP-L-14-03422 to the third level of review, however, it was rejected and

[55] *See* Docket No. 32-2 (Medina Decl. Ex. B) at 2-4.

[56] *See id.* at 10.

[57] *See* Docket No. 31 (Voong Decl.) ¶ 10.)

[58] *See id.*; Docket No. 31-1 (Voong Decl., Ex. A). Although neither party specifically addresses it, it appears that Sims resubmitted SVSP-L-14-01986 to the third level of review on November 24, 2014. *See id.* The tracking system shows that it was screened out again on December 10, 2014, but there is no specified reason stated. *See id.*

[59] *See Griffin*, 557 F.3d at 1120 (citation and internal quotation omitted); *Ngo*, 548 U.S. at 90-91.

[60] *See* Docket No. 32-3 (Medina Decl. Ex. C) at 2-4.

[61] *See id.*

[62] *See id.*

[63] *See id.* at 6-9.

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
9

returned because Sims did not attach the necessary supporting documents.[64]  Because Sims'

appeal in SVSP-L-14-03422 did not submit for review the question of whether Sims had been

subjected to retaliation, and Sims did not comply with the agency's procedures to resubmit the

appeal, SVSP-L-14-03422 did not serve to properly exhaust Sims' federal retaliation claim.[65]

To the extent Sims argues that prison officials improperly screened out his appeals, that

argument is unpersuasive.  If prison officials improperly screen out an inmate's appeals, the

inmate cannot properly complete the grievance process and administrative remedies are

effectively unavailable.[66]  However, Sims has not satisfied this exception to exhaustion because

he has failed to show that his appeals at the third levels of review were screened out for reasons

inconsistent with, or unsupported by, applicable regulations.[67]  Consequently, Sims has not met

his burden of production, and he has not shown that there is something in his particular case that

made the existing and generally available administrative remedies effectively unavailable to

him.[68]

**IV.**

Defendants' motion for summary judgment is GRANTED.  The Clerk shall terminate all

pending motions and close the case.

---

[64] *See* Docket No. 31 (Voong Decl.) ¶ 10; Docket No. 31-1 (Voong Decl., Ex. A).  Although neither party specifically addresses it, it appears that Sims resubmitted SVSP-L-14-03422 three additional times.  *See id.*  The tracking system shows that each time, the appeal was screened out for either failing to attach supporting documents, or for improperly attaching a CDCR 22 Form response.  *See id.*

[65] *See Griffin*, 557 F.3d at 1120 (citation and internal quotation omitted); *Ngo*, 548 U.S. at 90-91.

[66] *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010).

[67] *See id.* at 823-24 (stating that to satisfy this exception, an inmate must show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.").

[68] *See Albino*, 747 F.3d at 1172.

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    IT IS SO ORDERED.

2  DATED:   3/14/2016

   PAUL S. GREWAL
   United States Magistrate Judge

Case No. C 14-4892 PSG (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
                                    11